**Satnam SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74941.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2006.*

Decided June 16, 2006.

Antonio Reyna Salazar, Esq., Salazar Law Offices, Seattle, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Esq., Richard M. Evans, Esq., U.S. Department of Justice Civil

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Div./Office of Immigration Lit., Janet A. Bradley, Attorney, U.S. Department of Justice, Washington, DC, for Respondent.

Before: FERNANDEZ, KLEINFELD, and BERZON, Circuit Judges.

## MEMORANDUM **

Satnam Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an Immigration Judge's denial of his applications for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the BIA's factual findings regarding changed country conditions. *Gui v. INS,* 280 F.3d 1217, 1229 (9th Cir.2002); *Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 998 (9th Cir.2003). We grant the petition and remand.

The BIA found that Singh had suffered past persecution and was entitled to a presumption of a well-founded fear of future persecution based on his credible testimony. The BIA performed an individualized inquiry to determine whether or not Singh's well-founded fear was rebutted by general country conditions information showing a changed climate and found that the government sustained its burden.

We conclude that a review of the record compels the conclusion that general country conditions had not changed sufficiently to rebut the presumption of a well-founded fear of future persecution. *See Chand v. INS,* 222 F.3d 1066, 1079 (9th Cir.2000). The BIA's finding that police had not been to Singh's family's home since 1995 or 1996 is contradicted by Singh's testimony that police had searched for him at home approximately a month prior to the hearing in 2000. The continued presence of Singh's family in India does not defeat his claim for asylum, because the family is not similarly situated to Singh. *See Rios v. Ashcroft,* 287 F.3d 895, 902 (9th Cir.2002); *see also Lim v. INS,* 224 F.3d 929, 935 (9th Cir.2000). Because Singh's past persecution by police was not always motivated by the presence of militants in his family home, the absence of militants at Singh's house since 1993 is also insufficient to defeat his claim. Moreover, the record reflects a "mixed picture" of the human rights conditions for Sikhs who were persecuted on political grounds. *See Lopez v. Ashcroft,* 366 F.3d 799, 805–07 (9th Cir. 2004) (basing its decision that the presumption of well-founded fear had not been overcome, in part, on the "mixed picture of human rights conditions" presented in the country report).

Because the BIA erred in its statement that "the respondent testified on cross-examination that his father told him that police had not come to their home since 1995 or 1996," we grant the petition for review and remand, so that the BIA may determine whether Singh is eligible for relief in light of this disposition. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.